NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0110n.06

No. 08-6342

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 23, 2011
LEONARD GREEN, Clerk

KENNETH D. SCOTT,                         )
                                          )
    Plaintiff-Appellant,                  )
                                          )
v.                                        )   ON APPEAL FROM THE UNITED
                                          )   STATES DISTRICT COURT FOR THE
AMEC KAMTECH, INC., ROBERT                 )   EASTERN DISTRICT OF TENNESSEE
GORDON MILLWOOD, and JOHN DOES            )
1 and 2,                                   )
                                          )
    Defendants-Appellees.                 )


Before:   BATCHELDER, Chief Judge; DAUGHTREY, Circuit Judge; VAN TATENHOVE,[*] District Judge.


**PER CURIAM.**  Plaintiff Kenneth Scott appeals the district court's grant of summary judgment in favor of defendants AMEC Kamtech, Inc. (Kamtech), a Delaware corporation headquartered in Atlanta and doing business as a general contractor in Texas at the time of the events in this litigation, and Robert Gordon Millwood, a crane operator formerly employed by Kamtech.  The action arose from a workplace accident in Texas involving Scott, who was employed by Kamtech's subcontractor, Valley Mechanical, Inc.  While receiving workers' compensation benefits provided through his immediate employer, Scott

---

[*] The Hon. Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

also filed a personal-injury action against Kamtech for negligence. The district court held that under applicable Tennessee choice-of-law principles, the exclusive-remedy provisions of the Tennessee workers' compensation statute precluded an additional award of damages. Scott now challenges that determination, arguing that because Kamtech is not subject to the Tennessee statute, he should be permitted to seek common-law damages against the defendants pursuant to Texas law. We affirm the judgment of the district court, based on a somewhat different analysis from the one employed by the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

At all times relevant to this litigation, Scott, a Tennessee resident, worked as a millwright for Valley Mechanical, a Tennessee corporation. In January 2007, defendant Kamtech subcontracted with Valley Mechanical to assist in the demolition of an electrostatic precipitator at the Coleto Creek Power Station in Fannin, Texas. The contract was formed in Tennessee, where Kamtech was qualified to transact business, and it called for Valley Mechanical to supply workers' compensation coverage for the workers that the company sent to Texas. It was also agreed that in the event of a dispute, the parties to the contract would be bound by Tennessee law.

Scott was dispatched by Valley Mechanical to participate in the Texas project. Demolition of the structure there involved both inside and outside work. When working inside the plant, Scott would take an elevator upstairs to perform the demolition duties. When involved in the removal of the facing on the outside of the structure, however, Scott

and his co-workers would be lifted up in a "man-basket," essentially a metal cage attached to a crane operated by Kamtech employees.

While working an evening shift one night at 11:35 p.m., Scott and a co-worker were in such a man-basket operated by Millwood when they signaled to him to lower them to the ground. For reasons that are disputed in the record, though not material here, the basket did not descend slowly and steadily but, instead, went into a free-fall for approximately 60 feet until Millwood stopped the basket abruptly before it could hit the ground. Due to the force of the sudden stop, Scott's co-worker suffered a fractured leg, and Scott sustained injuries to his left ankle, his left knee, his spine, and his right shoulder. Additionally, the plaintiff testified in a deposition that, as a result of the events of that night, he was continuing to see a psychiatrist for post-traumatic stress syndrome and a psychologist for anxiety attacks.

Although Scott was initially treated in a Texas hospital emergency room shortly after sustaining his injuries, he admitted during discovery that all other treatment he has received was provided in Tennessee. He also testified that he had filed for and was receiving workers' compensation benefits through Valley Mechanical's insurer, "including medical and temporary disability benefits . . . pursuant to the workers' compensation law of Tennessee."

Despite his receipt of workers' compensation benefits through Valley Mechanical, Scott nevertheless filed a tort action in Tennessee state court seeking additional payment

of damages for personal injuries allegedly caused by the negligence of Kamtech and two then-unnamed Kamtech employees, one of whom turned out to be Millwood. The case was eventually removed to federal court based upon the diversity of citizenship. After all parties filed motions for summary judgment, the district court issued a memorandum opinion granting summary judgment to the defendants and ruling that the exclusive-remedy provision of Tennessee's workers' compensation statute should be given effect by operation of section 184 of the *Restatement (Second) of Conflict of Laws*. The court further concluded that as a "statutory employer," Kamtech would be "liable for [providing] workers' compensation insurance [only] if the subcontractor fail[ed] to provide it for its employees" and thus held that Scott was barred from further recovery for his injuries because he had already received payments in Tennessee from Valley Mechanical's workers' compensation insurer.

## DISCUSSION

As previously noted, this litigation began as a straightforward negligence action in state court. It was removed to federal court by the defendants, who then filed a motion for judgment on the pleadings, pointing out that the plaintiff's exclusive remedy for injury on the job was pursuant to the Tennessee Workers' Compensation Act, specifically Tennessee Code Annotated § 50-6-108(a), which provides that "[t]he rights and remedies granted to an employee subject to [the Act], on account of personal injury or death by accident, . . . shall exclude all other rights and remedies." The defendants also noted that

§ 50-6-113 of the Act makes a principal contractor immune from tort liability to the same extent as an immediate employer when an employee of a subcontractor is injured while "on, in, or about the premises on which the principal contractor has undertaken to execute work or that are otherwise under the principal contractor's control or management." Tenn. Code Ann. § 113(a) and (d).

Had the defendants also invoked Tennessee Code Annotated § 50-6-115, governing the extraterritorial extension of the Act, the district court might well have been in a position to grant judgment to the defendants on the pleadings, *see* Federal Rule of Civil Procedure 12(c), given the factual allegations in the complaint. Section 50-6-115, titled "extraterritorial application of chapter," provides as follows:

> If an employee, while working outside the territorial limits of this state, suffers an injury on account of which the employee . . . would have been entitled to the benefits provided by this chapter had the injury occurred within this state, the employee . . . shall be entitled to the benefits provided by this chapter; provided, that at the time of the injury:
>
> (1) The employment was principally localized within this state;
>
> (2) The contract of hire was made in this state; or
>
> (3) If at the time of the injury the injured worker was a Tennessee resident and there existed a substantial connection between this state and the particular employer and employee relationship.

Although subsection (1) is inapplicable to the circumstances in this case – all the actual work having occurred in Texas and not Tennessee – the other two subsections are relevant. The contract of hire, whether seen as Valley Mechanical's employment of Scott

or Kamtech's hiring Valley Mechanical as subcontractor, occurred in Tennessee; Scott was a resident of Tennessee working only temporarily in Texas; and the most substantial employment relationship was between Scott and Valley Mechanical, also a Tennessee resident. Thus, it is clear from the face of the Act that Scott's injury was compensable under the Tennessee Workers' Compensation Act and that, because he was receiving benefits from his immediate employer's compensation insurance carrier, as provided in the contract between Valley Mechanical and Kamtech, the latter company was immune from common-law tort liability for Scott's injuries. That, perhaps, could have been the end of the litigation in this instance, based on rather straightforward statutory interpretation.

But, when the defendants failed immediately to invoke section 50-6-115 in their request for judgment on the pleadings, the plaintiff filed in opposition to the Rule 12(c) motion, injecting into the proceedings what can only be described as a legal red herring. Contending that Tennessee's workers' compensation law and that of Texas were ostensibly different in at least one respect and that this difference was material to the question of Kamtech's common-law liability for his injuries, the plaintiff insisted that the district court was faced with a choice-of-law dilemma that presented a case of first impression in Tennessee. The district court bought the argument and ruled that a disposition on the pleadings was inappropriate because "the relevant legal standard [involving choice of law] required the Court to consider information outside of the pleadings."

When the district judge again came to consider the same issue in response to the parties' motions for summary judgment, he engaged in a rather sophisticated choice-of-law analysis and ultimately determined that Tennessee's statute should prevail. We agree, although we do so on the interpretation of the Tennessee Act set out above, and without resort to a review of the law of Texas.

## CONCLUSION

The judgment of the district court is AFFIRMED.

**ALICE M. BATCHELDER, Chief Judge.** I concur.